[No. 11201.   Department Two.   January 21, 1914.]

FLORENCE COOPER, *Appellant*, v. FARMERS & MERCHANTS' BANK OF WENATCHEE, *Respondent*.[1]

APPEAL—DECISION—REMAND—PROCEEDINGS BELOW. Upon reversal of a case for error in the exclusion of evidence, it is the duty of the trial judge to receive and weigh the evidence, and render judgment in accordance with his views of the law and the facts; and not to enter a judgment in accordance with the views he thinks the supreme court may take.

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered December 4, 1912, upon find-

[1]Reported in 137 Pac. 1011.

ings in favor of the defendant, in an action for money paid, tried to the court. Reversed.

*Reeves & Reeves,* for appellant.

*R. S. Ludington* and *Ludington & Shiner,* for respondent.

MAIN, J.—This cause was here upon a former appeal. The opinion then rendered is reported in 68 Wash. 310, 123 Pac. 465. For a statement of the facts, reference will be made to that decision.

The cause was there reversed, for the reason that the trial court had declined to permit certain evidence to be introduced which this court deemed relevant and material. Upon a retrial in the superior court, the evidence which had been refused upon the first trial was admitted. At the conclusion of the retrial, the court, believing that, by the decision of this court upon the former appeal, it had been directed to enter a judgment for the defendant, apparently did so believing that the weight of the evidence sustained the plaintiff's contention. In rendering his decision, the trial judge, while referring to the reversal by this court of the first judgment, among other things, said:

"Under this decision there is only one thing the supreme court is going to do with this case, and that is to hold that, irrespective of theories and irrespective of principles, that they just sort of feel that the plaintiff in this action ought not to recover and that the defendant should, and therefore they will so hold. I don't think that ought to be the real theory from the pleadings, or the facts before the court. Whether it is fortunate or not don't make any difference. They will do that. You can't go beyond it. They have already said in fact they are going to."

Thereupon judgment was entered in favor of the defendant, from which the present appeal is prosecuted.

We think the trial court did not correctly interpret the former opinion. Indeed, this court could not well have directed a judgment without knowing what the evidence was to be. Upon a retrial, it became the duty of the trial court to

weigh the evidence which had been introduced and render judgment in accordance with his views of the law and the facts. From the opinion of the trial judge, it is very apparent that he believed the appellant had sustained her case by a fair preponderance of the evidence. Upon an examination of the record, it is apparent to us that he might well think so. Giving the evidence introduced upon the retrial, including that which had not been admitted upon the first trial, its full and fair consideration, it does not meet what this court in its former opinion held would be sufficient to justify a judgment for the respondent.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment in favor of the appellant.

CROW, C. J., ELLIS, FULLERTON, and MORRIS, JJ., concur.